**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Thomas Young, | No. CV-16-02264-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff William Thomas Young seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security denying him disability insurance benefits and supplemental security income. The Court will remand this case to the agency with instructions to review the record as a whole and issue a new decision.

**I.     Background.**

On September 30, 2010, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning August 20, 2010. Plaintiff subsequently amended his disability onset date to October 1, 2011. On April 12, 2012, a hearing was held before the ALJ. On April 25, 2012, the ALJ issued a decision that Plaintiff suffered from severe impairments but was not disabled within the meaning of the Social Security Act. The Appeals Council vacated and remanded the ALJ's decision. A.R. 169.

On July 8, 2014, Plaintiff appeared with his attorney and testified at a second hearing before the ALJ. A vocational expert also testified. On October 2, 2014, the ALJ issued a second decision, this time holding that Plaintiff did not suffer from a severe impairment and thus was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision.

**II.   Legal Standard.**

The Court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.*

**III.  The ALJ's Five-Step Evaluation Process.**

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of

impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404.  § 404.1520(a)(4)(iii).  If so, the claimant is automatically found to be disabled.  *Id.*  If not, the ALJ proceeds to step four.  At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work.  § 404.1520(a)(4)(iv).  If so, the claimant is not disabled and the inquiry ends.  *Id.*  If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience.  § 404.1520(a)(4)(v).  If so, the claimant is not disabled.  *Id.*  If not, the claimant is disabled.  *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2017, and that he has not engaged in substantial gainful activity since October 1, 2011.  At step two, the ALJ found that Plaintiff has the following medically determinable impairments: bipolar disorder, posttraumatic stress disorder (PTSD), personality disorder, polysubstance abuse in remission, and alcohol abuse in remission.  The ALJ also found, however, that none of these impairments, or a combination of the impairments, significantly limited the ability of Plaintiff to perform basic work related activities for 12 consecutive months.  The ALJ therefore found that Plaintiff does not have a severe impairment or combination of impairments under 20 C.F.R. § 404.1521 *et seq*.  The ALJ accordingly held that Plaintiff is not disabled.  The ALJ did not proceed to steps three, four, or five.

**IV.     Analysis.**

Plaintiff argues the ALJ erred in finding that he did not have severe impairments a step two, particularly in light of the ALJ's failure to explain why his 2014 decision on this issue contradicted his 2012 decision.  Plaintiff makes other arguments, but they are not relevant to this ruling.  Doc. 11.

The key question is the appropriate analysis to apply to a step-two decision that impairments are not severe.  A "severe" impairment is "any impairment or combination

of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The "ability to do basic work activities," in turn, is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. 96-3p).

Significantly, "the step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). Its purpose "is to do no more than allow the [Commissioner] to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working." *Titles II & XVI: Med. Impairments That Are Not Severe*, SSR 85-28 (S.S.A. 1985) (internal quotation omitted). Therefore, "an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" *Webb*, 433 F.3d at 687 (quoting S.S.R. 85-28).

The Ninth Circuit has addressed the duty of a court when reviewing a step-two decision that impairments are not severe. The Court of Appeals stated that the court should apply the "normal standard of review" and "determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments." *Id.*

The Court finds this instruction quite confusing. As mentioned in the standards set forth above, substantial evidence is "less than a preponderance." *Orn*, 495 F.3d at 630. The reviewing court need not be persuaded by a preponderance of the evidence that the ALJ's decision is correct, but must find only "relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole." *Id.*

It is not uncommon to find objective medical evidence in a social security record that supports both parties' positions, and yet the reviewing court is to affirm the ALJ's judgment if there is substantial evidence supporting it. In other words, the existence of contrary evidence is *not* a basis for rejecting an ALJ's decision when substantial evidence supports it. Indeed, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F3d. 947, 954 (9th Cir. 2002) (citations omitted).

How, then, does one apply this test in light of the instruction that step two is a mere "de minimis" threshold – that a finding of non-severity at step two must be "clearly established by medical evidence"? *Webb*, 433 F.3d at 687. Is the reviewing court asking whether there is substantial evidence to support the ALJ's finding that non-severity at step two is "clearly established"? Or is the reviewing court asking whether there is evidence in the record that clears the de minimis threshold? If the former, then an ALJ decision supported by substantial evidence would be affirmed even if there was objective evidence in the record suggesting that the disability is more than de minimis. If the latter, the ALJ's decision would be reversed if evidence in the record clears the de minimis threshold, even if the ALJ had substantial evidence for finding that non-severity was "clearly established." *Id*.

Stated differently, what if the record, as in this case, includes a history of mental health problems, continuous medication and treatment, and hospitalizations, but the ALJ finds – after reviewing and carefully discussing opinions of the relevant medical experts, including opinions that support his finding – that the evidence clearly establishes that the impairments are not severe? Does the reviewing court affirm? Or, because the record contains evidence of serious impairment, must the reviewing court conclude that the de minimis threshold of step two has been cleared and the ALJ should have proceeded to step three?

In *Webb*, after stating that a reviewing court should apply the "normal" substantial evidence standard, the Ninth Circuit reached this conclusion: "the ALJ found that Webb lacked a medically severe impairment or combination of impairments *despite objective medical evidence* demonstrating back pain, hypertension, knee pain, hip pain, visual disturbances, memory loss, diverticulitis, lack of sleep, difficulty performing physical tasks and lack of employment from 1991 through 1997." *Id.* (emphasis added).  In other words, it appears that the existence of objective medical evidence of a serious impairment was enough to clear the de minimis threshold and result in reversal of the ALJ's decision. The Court of Appeals continued: "[a]lthough the medical record paints an incomplete picture of Webb's overall health during the relevant period, *it includes evidence of problems sufficient to pass the de minimis threshold of step two*." *Id.* (emphasis added). Again, some evidence of more than de minimis problems seems to have been enough for step two.[1]

This case illustrates the dilemma presented by the *Webb* standard.  On one hand, the ALJ's 2014 decision includes a careful and thorough examination of the medical record, explaining in great detail why the ALJ was persuaded that Plaintiff did not have severe impairments.  The ALJ's conclusion is supported by at least three doctors – Peetoom, Allison, and Fair – all of whom found Plaintiffs' impairments to be mild.  On the other hand, the ALJ found, correctly, that Plaintiff had been diagnosed with bipolar disorder, posttraumatic stress disorder stemming from an incident where he was taken hostage as a detention officer, personality disorder, polysubstance abuse in remission, and alcohol abuse in remission.  The record contains evidence that Plaintiff has been hospitalized for these conditions on several occasions, that he has attempted suicide and engaged in self-cutting, and that he receives regular mental-health treatment through

---

[1] In fairness to the Ninth Circuit, *Webb* included an incomplete medical record, something that Plaintiff has not complained of here.  To the contrary, Plaintiff states that the "medical record in this file is voluminous." Doc. 11 at 3.

medications and counseling.  Added to this, of course, is the fact that the ALJ found the same impairments to be severe at step two of his 2012 decision.

The Court believes that the ALJ's thorough opinion is supported by substantial evidence, but there is also objective evidence in the record suggesting that the impairments are more than de minimis.  The Court concludes that the most important portion of *Webb*'s teaching is that the standard at step-two is de minimis.  The Court also concludes that the holding of *Webb*, as opposed to its statement of the standard, requires the Court to reverse if objective evidence suggests that Plaintiff's impairments are more than de minimis.  *Webb*, 433 F.3d at 687.  Because such objective evidence exists in this case – Plaintiff's undisputed diagnoses, his repeated hospitalizations, and his suicidal and self-destructive behaviors – the Court will reverse the ALJ's decision.  The ALJ should not have stopped at step two.  As requested by Plaintiff (Doc. 11 at 19-20), the Court will remand to the agency with instructions to review the record as a whole and issue a new decision.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **reversed**.  This matter is remanded with instructions to review the record as a whole and issue a new decision.  The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 21st day of February, 2017.

_____
David G. Campbell
United States District Judge