**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Thomas Young, | No. CV-16-02264-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

William Young moves for reconsideration of this Court's denial of his motion for attorney's fees. Doc. 22. A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio,* 2008 WL 1776502, at *2 (D. Ariz. Apr.15, 2008). Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see Nw. Acceptance Corp. v. Lynnwood Equip., Inc.,* 841 F.2d 918, 925-26 (9th Cir. 1988).

After the Court reversed and remanded the Commissioner's denial of social security benefits, Plaintiff argued that he should be awarded attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, because he was the prevailing party and the position of the United States was not "substantially justified." Docs. 11, 13. The Court rejected this argument, finding that the position of the United States was

substantially justified due to a tension between the de minimis standard used by an ALJ to evaluate impairments at step two and the standard applied by a reviewing court to assess an ALJ's finding of no impairment at step two. Doc. 19 at 2-3. The Court noted that there was substantial evidence in the record to support the ALJ's finding of no impairment, and that the ALJ had engaged in a careful and thorough review of the record. *Id.* at 3. The motion for reconsideration does not identify any new facts or a change in the law. Instead, Plaintiff argues that the Court's finding of a tension in the law is irrelevant to whether the Commissioner's position was justified, and that the reasonableness of the United States' position must be shown in regard to the issues that led to the Court's order of remand, not the ultimate issue of disability. Doc. 20-1 at 2-3. But the Court found in its order denying attorney's fees that the ALJ's and the Commissioner's positions were substantially justified *because of* the tension in the law and the content of the administrative record. Plaintiff's motion for reconsideration does not alter this conclusion. The motion will, therefore, be denied.

**IT IS ORDERED** that the motion for reconsideration (Doc. 20) is **denied.**

Dated this 25th day of August, 2017.

_____
David G. Campbell
United States District Judge